KAREN P. HEWITT
United States Attorney
BRUCE C. SMITH
Assistant U.S. Attorney
California State Bar No. 078225
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619)557-6963
E-mail: bruce.smith@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cv0889-W(AJB) |
| Plaintiff, | ) ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF |
| v. | ) ) | MOTION FOR JUDGMENT BY DEFAULT AS TO THE INTEREST OF MARIA |
| ONE 2005 CHRYSLER 300 SEDAN, BAJA CALIFORNIA LICENSE NO. AHH6411, | ) ) ) | TERESA POWELL-SALINAS SANCHEZ AND ALL POTENTIAL CLAIMANTS |
| VIN 2C3JA63H45H527598, ITS TOOLS AND APPURTENANCES, | ) ) ) | DATE: September 29, 2008 TIME: 10:00 a.m. CTRM: 7 |
| Defendant. | ) ) ) | |

I

MEMORANDUM OF POINTS AND AUTHORITIES

A.    Introduction

This matter comes before the Court on Plaintiff's motion for default judgment. The verified complaint commencing this action against the Defendant was filed May 19, 2008, alleging forfeiture pursuant to Title 8, United States Code, Section 1324(b) (forfeiture of a conveyance used to bring undocumented aliens into the United States).  The complaint was verified by Officer Edward Chavoya, Customs and Border Protection (CBP).  The present motion for default judgment seeks the forfeiture of the interest of Maria Teresa Powell-Salinas Sanchez and all potential claimants.

//

EXHIBIT 1

B.    Statement of the Case

1.    On May 19, 2008, a Complaint for Forfeiture was filed in the above action in the United States District Court for the Southern District of California against the above defendant. On June 10, 2008, the defendant was seized and arrested by an agent of the United States CBP, who thereafter took possession and custody of the defendant, pursuant to the Court's Order appointing CBP as custodian, dated May 28, 2008.

2.    On May 20, 2008, Notice of Judicial Forfeiture Proceedings  and a copy of the Complaint for Forfeiture were sent by certified mail to the following potential claimant at her addresses of record:

| Name and Address | Article No. | Result |
|---|---|---|
| Maria Teresa Powell-Salinas Sanchez<br>1111 North Lamb Blvd., #246<br>Las Vegas NV 89110 | 7004 2510 0003 3014 8664 | Signed for as received on 5/22/08 |
| Maria Teresa Powell-Salinas Sanchez<br>c/o Jan Joseph Bejar, Esq.<br>A Professional law Corporation<br>2727 Camino Del Rio South, Suite 110<br>San Diego CA 92108 | 7004 2510 0003 3014 8671 | Signed for as received on 5/21/08 |

3.    On June 13, 20 and 27, 2008, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and  Claims and Asset Forfeiture Actions, notice was published in the San Diego Commerce newspaper.

4.    From the time of said notice, no claim or answer has been filed regarding the above-named defendant property by anyone.

5.    On July 28, 2008, a Declaration of and Request for Clerk's Entry of Default was filed in this case.  A Clerk's Entry of Default was issued on August 12, 2008, and a copy is hereby attached as Exhibit 2.

C.    Statement of Facts

1.    On January 15, 2008, Maria Teresa Powell Salinas-Sanchez ("Salinas-Sanchez") entered the United States from Mexico at the Port of Entry, Otay Mesa, California via Secure Electronic Network for Travelers Rapid Inspection (hereinafter referred to as "SENTRI") lane two as the driver and sole visible occupant of the defendant 2005 Chrysler 300 Sedan, VIN

**1**   2C3JA63H45H527598, bearing Baja California, Mexico license plate number AHH6411

**2**   (hereinafter referred to as "2005 Chrysler 300 sedan" or "defendant vehicle").  According to

**3**   registration documents issued by the Mexican State of Baja California and found

**4**   in the defendant vehicle, Salinas-Sanchez registered the defendant vehicle in her name as the sole

**5**   registered owner on January 28, 2005.

**6**       2.       Salinas-Sanchez was greeted by United States Customs and Border Protection

**7**   (hereinafter referred to as "CBP") Officer Labrada at the vehicle primary SENTRI lane 2

**8**   inspection station.  Salinas-Sanchez presented her SENTRI document and border crossing visa

**9**   card, identifying her as a citizen of Mexico.  In response to Officer Labrada's question, Salinas-

**10**  Sanchez declared she was bringing nothing from Mexico into the United States.

**11**      3.       Officer Labrada directed Salinas-Sanchez to release the rear trunk lid lock.  She

**12**  responded with a facial expression that indicated anxiety or panic.  Upon raising the trunk lid,

**13**  Officer Labrada discovered a Hispanic male adult hidden under a blanket in the trunk.  Officer

**14**  Labrada immediately closed the trunk lid and summoned other CBP officers to assist him.

**15**      4.       CBP Officer Ornelas responded, and was advised of Labrada's discovery.  Salinas-

**16**  Sanchez was escorted to the nearby secondary security office to await further inspection of the

**17**  defendant vehicle.

**18**      5.       Officer Ornelas drove the defendant 2005 Chrysler 300 sedan on to the secondary

**19**  vehicle lot for a more thorough inspection.  Upon parking the defendant vehicle, Officer Ornelas

**20**  opened the rear trunk lid.  The Hispanic adult male was resting on the deck of the trunk, hidden

**21**  under a blanket.  The concealed traveler was removed from the defendant vehicle and escorted to

**22**  the security office.  The hidden passenger was later identified as a citizen of Mexico with no

**23**  immigration documents or legal authority permitting him to enter or remain in the United States.

**24**      6.       Inside the security office, CBP Tech Wertz  conducted an inventory of Salinas-

**25**  Sanchez' personal property.  Among the items discovered and inventoried was a valid permanent

**26**  resident alien card bearing Salinas-Sanchez' likeness and personal identifying information.

**27**      7.       The Hispanic male passenger was interviewed.  He was eventually identified as

**28**  Marco Antonio Morales-Mendoza (hereinafter referred to as "Morales-Mendoza").  He declared

1    he was a citizen of Mexico without documentation or legal authorization to enter or remain in the

2    United States.

3        8.    On January 31, 2008, a federal grand jury sitting in the Southern District of

4    California handed down a two count indictment charging Salinas-Sanchez with bringing in illegal

5    aliens for financial gain, bringing in illegal aliens without presentation, and aiding and abetting.

6        9.    On April 22, 2008, CBP Enforcement Officer Chavoya examined the contents of

7    the defendant 2005 Chrysler 300 sedan.  Inside the trunk, Officer Chavoya examined a jacket

8    belonging to Morales-Mendoza.  In a pocket, Officer Chavoya discovered a piece of paper bearing

9    an address in Tijuana, Mexico.  Officer Chavoya recognized the address as the same Tijuana

10   address given by Salinas-Sanchez on the day of her arrest.  Another piece of paper recovered from

11   the pocket bore an address on College Boulevard, Oceanside, California.

12       10.   On April 22, 2008, Officer Chavoya visited the residence located at the College

13   Boulevard, Oceanside address written on the piece of paper taken from Morales-Mendoza' jacket.

14   Residents there referred Officer Chavoya to a relative, Oscar Mendoza-Mendez (hereinafter

15   referred to as "Mendoza-Mendez").

16       11.   On April 22, 2008, Officer Chavoya interviewed Mendoza-Mendez, and was told

17   Mendoza-Mendez is a cousin of Morales-Mendoza.  Salinas-Sanchez is the aunt of both men.

18   Mendoza-Mendez revealed Morales-Mendoza stayed at the Tijuana residence of Salinas-Sanchez

19   for two days prior to his apprehension on January 15, 2008.  Morales-Mendoza described to

20   Mendoza-Mendez his planned journey.  When Salinas-Sanchez and Morales-Mendoza were

21   encountered in the defendant 2005 Chrysler 300 sedan at the port of entry, they were en route to

22   a destination in Los Angeles, California.

23       D.    Deadlines for Filing a Claim and Answer

24       This civil forfeiture action is an in rem proceeding which is governed by Rule G(5) of the

25   Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.  Pursuant to

26   Rule G(5), a verified claim must be filed with the Clerk of the United States District Court,

27   Southern District of California, with a copy to the Government attorney, within thirty-five (35)

28   days after service of the Notice of Judicial Forfeiture Proceedings, or within such additional time

1   as the Court may allow.  An answer must be filed and served within twenty (20) days thereafter,

2   pursuant to Title 18, United States Code, Section 983(a)(4)(B).

3        Supplemental Rule G(5) provides in pertinent part: "The claim must: (A) identify the

4   specific property claimed; (B) identify the claimant and state the claimant's interest in the property;

5   (C) be signed by the claimant under penalty of perjury; and (D) be served on the government

6   attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

7        The plaintiff served notice of forfeiture on all known potential claimants on May 20, 2008.

8   From the time of said notice, no claim or answer has been filed by any potential claimant regarding

9   the above-named defendant. (See Declaration of Bruce C. Smith, attached hereto as Exhibit 3.)

10       E.    The Government Establishes Its Case by a Preponderance
             of the Evidence

11

12       Pursuant to the Civil Asset Forfeiture Reform Act of 2000 the burden of proof in civil

13   forfeiture  cases is a preponderance of the evidence.  Title 18, United States Code, Section 983(c)

14   states in pertinent part:

15       In a suit or action brought under any civil forfeiture statute for the civil forfeiture
         of any property -

16

17       (1)    the burden of proof is on the Government to establish, by a preponderance
         of the evidence, that the property is subject to forfeiture;

18       (2)    the Government may use evidence gathered after the filing of the complaint
         for forfeiture to establish, by a preponderance of the evidence, that the property is

19       subject to forfeiture; and

20       (3)    if the Government's theory of forfeiture is that the property was used to
         commit or facilitate the commission of a criminal offense, or was involved in the

21       commission of a criminal offense, the Government shall establish that there was a
         substantial connection between the property and the offense.

22

23       The Government's evidence is undisputed by any claimant.  Thus, the Government has

24   shown by a preponderance of the evidence that the defendant was property involved in a

25   transaction or attempted transaction, or was property traceable to property involved in violation

26   of Title 8, United States Code,  pursuant to Title 8, United States Code, Section 1324(b).

27       Pursuant to the allegations in the verified complaint that the defendant vehicle was a

28   conveyance that had been used or was being used in the commission of a violation of Title 8,

United States Code, Section 1324(a) (bringing undocumented aliens into the United States without presentation), the Government has both proven its case by a preponderance of the evidence and established the requisite nexus between the defendant and the offense.

II

<u>CONCLUSION</u>

For the foregoing reasons, it is requested that the interest of Maria Teresa Powell-Salinas Sanchez   and any other potential claimants be ordered condemned and forfeited to the United States according to the request herein.

DATED:  August 19, 2008

KAREN P. HEWITT
United States Attorney

<u>s / Bruce C. Smith</u>

BRUCE C. SMITH
Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America
E-mail: bruce.smith@usdoj.gov